MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrei Kolesnikov, | No.   CV-25-00926-PHX-SMB (ESW) |
| Petitioner, | |
| v. | **ORDER** |
| Kristi Noem, et al., | |
| Respondents. | |

Self-represented Petitioner Andrei Kolesnikov, who is confined in CoreCivic's Eloy Detention Center, filed a Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus (Doc. 1) and paid the filing fee. The Court will dismiss the Petition and this action.

**I.    Petition**

Petitioner states that he arrived at the Nogales Port of Entry and "[d]espite" providing documentation establishing his identity and "passing an interview" with a United States Customs and Border Protection agent, he was detained and sent to an immigration detention center. He asserts that he then had a credible fear interview and "received a 'positive' response." He claims he "provided the documents required for release on parole under the care of a sponsor," but his request for release was denied. Petitioner contends his subsequent requests to be considered for release have been "ignored."

Petitioner asserts he has been detained for more than nine and a half months. He contends he "had the right to have his detention status reviewed after 180 days from the date of his detention" but "was not given . . . this opportunity." He asserts the government

has failed to provide any objective and valid reasons for his ongoing detention and his continued detention violates his Fifth Amendment right to due process.

## II. Discussion

The only due process due an alien seeking initial entry into the United States is "those rights regarding admission that Congress has provided by statute." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020).

It appears Petitioner is being detained pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii), which states that if an officer determines an alien seeking asylum has a credible fear of persecution, "the alien *shall be detained* for further consideration of the application for asylum." (Emphasis added.) "Once those proceedings end, detention under § 1225(b) must end as well." *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018). But Petitioner does not allege those proceedings have ended.

Prior to the proceedings ending, "nothing in the statutory text imposes any limit on the length of detention." *Id*. "And neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings." *Id.* Unlike aliens detained pursuant to 8 U.S.C. § 1231(a)(6), the detention of aliens detained pursuant to § 1225(b)(1) is not limited to six months. *Id.* at 300-01.

The Secretary of the Department of Homeland Security may release individual aliens temporarily on 'parole,' but 'only on a case-by-case basis for urgent humanitarian reasons or significant public benefit." 8 U.S.C. § 1182(d)(5)(A). "That express exception to detention implies that there are no *other* circumstances under which aliens detained under § 1225(b) may be released." *Jennings*, 583 U.S. at 300 (emphasis in original). Whether to temporarily release an alien for these reasons "is a discretionary decision of the Attorney General that is not reviewable by this Court." *Andrade v. Cantu*, CV-23-01462-PHX-DLR (CDB), 2023 WL 5934578, at *2 (D. Ariz. Aug. 8, 2023) (citing *Lopez v. U.S. Dep't of Homeland Sec.*, CV-20-01063-PHX-JJT (MTM), 2021 WL 2079840, at *3 (D. Ariz. Jan. 28, 2021)).

Thus, the Court will dismiss the Petition and this action.

**IT IS ORDERED:**

(1) Petitioner's § 2241 Petition (Doc. 1) and this case are dismissed.

(2) The Clerk of Court must enter judgment accordingly and close this case.

Dated this 13th day of June, 2025.

Honorable Susan M. Brnovich
United States District Judge